Alla Kachan, Esq.
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235

UNITED STATES BANKRUPTCY COURT
DISTRICT COURT OF NEW JERSEY – TRENTON VICINAGE
-------------------------------------------------------------------X

In re

      NATALIYA PIDGORODETSKA,

           Debtor.                         Chapter 7

                                           Case No. 13-15740(MBK)

-------------------------------------------------------------------X

VELOX INTERNATIONAL SHIPPING, INC.,

          Plaintiff,                    Adv. Pro. No. 13-1663-MBK

- against –

NATALIYA PIDGORODETSKA,

          Defendant.
-------------------------------------------------------------------X

## NOTICE OF PRESENTMENT FOR AN ORDER PURSUANT TO FED. R. CIV. P. 12(b)(6) DISMISSING THE COMPLAINT

PLEASE TAKE NOTICE that upon the annexed Motion and Memorandum of Law ("Motion"), Nataliya Pidgorodetska, by her undersigned counsel, will seek an Order: (a) pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the Complaint; and (b) for such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that the Motion will be presented to the Honorable Michael B. Kaplan, United States Bankruptcy Judge, District Court of New Jersey – Trenton Vicinage at the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 on July ____, 2013 at _____ am/pm.

PLEASE TAKE FURTHER NOTICE that a copy of the Motion is available for inspection at the office of the Clerk of the United States Bankruptcy Court during normal business hours at the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 or may be obtained by contacting the undersigned.

PLEASE TAKE FURTHER NOTICE that objections to the Motion shall be filed within fourteen (14) days after the filing plus any extension of time pursuant to Fed. R. Bankr. P. 9006 and shall be filed as follows:

(a) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website: www.njb.uscourts.gov, in portable document format ("PDF"); or

(b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or

(c) if a party is unable to file electronically or use PDF, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth herein. A hard copy of the objection, whether filed pursuant to section (a), (b) or (c), shall be hand-delivered directly to the Chambers of the Honorable Michael B. Kaplan, and a hard copy shall be served upon the defendant's counsel, Law Offices of Alla Kachan, 415 Brighton Beach Avenue, 2nd Floor, Brooklyn, New York 11235, the Office of the United States Trustee, One Newark Center, Suite 2100, Newark, New Jersey 07102, and filed with the Clerk of the Bankruptcy Court, with a copy to Chamber on or before OCTOBER 2, 2013.

Dated: Brooklyn, New York
    July ___, 2013

Alla Kachan, Esq
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235

Alla Kachan, Esq.
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235

UNITED STATES BANKRUPTCY COURT
DISTRICT COURT OF NEW JERSEY – TRENTON VICINAGE
------------------------------------------------------------------X
In re

     NATALIYA PIDGORODETSKA,

          Debtor.                    Chapter 7

                                      Case No. 13-15740(MBK)

------------------------------------------------------------------X
VELOX INTERNATIONAL SHIPPING, INC.,

          Plaintiff,               Adv. Pro. No. 13-1663-MBK

- against –

NATALIYA PIDGORODETSKA,

          Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

### PRELIMINARY STATEMENT

Defendant, Nataliya Pidgorodetska (hereinafter, "Pidgorodetska"), respectfully submits this Memorandum of Law in support of her motion for an Order, pursuant to Fed. R. Civ. P. 12(b)(6), as effected by Fed. R. Bankr. P. 7012, dismissing the Complaint filed by Velox International Shipping, Inc. (hereinafter, "Velox"), and for such other and further relief as this Court deems just and proper.

For the reasons set forth herein, the Complaint should be dismissed because Velox has failed to allege claims against Pidgorodetska, pursuant to §§ 523(a)(4) and (a)(6) of the Bankruptcy Code.

## FACTUAL BACKGROUND

1. Pidgorodetska had been an employee of Velox between 2008 and 2011.

2. An independent contractor engaged by Velox, Pavel Lyutenko (hereinafter, "Lyutenko") had terminated his relationship with Velox. On or about August 2010, Allied International Shipping, Inc. (hereinafter, "Allied") was incorporated. Pavel Lyutenko had at no time held any ownership interest of Allied, but did at one point become an employee of Allied.

3. Velox alleges that Allied is a direct competitor of Velox.

4. At some time on or about September 2011, Pidgorodetska left the employ of Velox and had been engaged as an independent contractor of Allied.

5. On March 9, 2012, Velox filed a complaint in state court naming Pidgorodetska and Allied as defendants, alleging (i) misappropriation of trade secrets; (ii) wrongful disclosure of trade secrets; (iii) breach of fiduciary duties; (iv) tortious interference with contractual relations; (v) tortious interference with prospective economic advantage; (vi) unfair competition; (vii) quasi-contract/unjust enrichment; (viii) conversion; and (ix) defamation.

6. On April 30, 2012, Allied and Pidgorodetska filed answers denying the allegations contained in the Complaint.

7. On June 7, 2012, Velox served all defendants with Velox's First Set of Interrogatories (hereinafter, "Interrogatories"). On the same date, Velox also served all defendants with Velox's First Set of Requests for Documents (hereinafter, "Document Requests").

8. Velox alleges that it has not received a response from Pidgorodetska to its interrogatories or its document requests.

9. On August 29, 2012, Velox filed a Motion to Strike the Pidgorodetska's Answer without prejudice.

10. On October 11, 2012, the State Court granted Velox's unopposed motion and entered an Order Striking Pidgorodetska's Answer and Affirmative Defenses.

11. Subsequently, on December 21, 2012, Velox filed a Motion to Suppress Pidgorodetska's Answer and Affirmative Defenses with Prejudice, pursuant to R. 4:23-5(a)(2).

12. On March 21, 2013, the State Court entered an Order granting Velox's Motion to Suppress Pidgorodetska's Answer and Affirmative Defenses with Prejudice, and directed the Clerk to Enter a Default on the docket.

13. The debtor filed a petition for bankruptcy under chapter 7, pursuant to the Bankruptcy Code, on March 20, 2013.

14. Velox subsequently filed a Motion for Relief from the Automatic Stay alleging that lifting the automatic stay would result in an economy of judicial resources and avoid duplicative litigation of the same issues.

15. In its motion and supporting affirmation, however, the only benefit Velox cites is that the testimony of Pidgorodetska is important for it to establish damages in the underlying state action, and that Velox does not want to litigate issues of nondischargeability in the bankruptcy court.

16. As Velox admits in its Motion for Relief from Stay, a default has already been entered against Pidgorodestska in the state action.

17. Additionally, Velox has now commenced this Adversary Proceeding in this Court for precisely the matter it contends would be duplicative litigation, and that is nondischargeability.

18. The Plaintiff seeks a determination that Pidgorodetska cannot except from discharge certain damages possibly incurred by Pidgorodetska flowing from the underlying state court action.

19. Each of the six (6) claims alleged by the Plaintiff is based upon § 523(a) of the Bankruptcy Code. Plaintiff contends that Pidgorodetska's potential liability that may run from the underlying state court action is nondischargeable because, *inter alia*, Pidgorodetska deceived the Plaintiff and, as a result, the Plaintiff incurred losses.

20. As set forth herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, the Complaint should be dismissed.

**STANDARD OF REVIEW UNDER RULE 12(b)(6)**

21. Fed. R. Civ. P. 12(b)(6) is made applicable in adversary proceedings in the Bankruptcy Court pursuant to Fed. R. Bankr. P. 7012, and governs on a motion to dismiss.

22. "In order to grant a 12(b)(6) motion to dismiss, the court must find that [the plaintiff] will be unable to prevail even if [he or she proves] all of the allegations in the complaint, basing its decision solely on the legal sufficiency of the complaint." *In re Stamou*, (Bankr. N.J., 2009)(citing *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 507 (D.N.J. 2000)(other citations omitted).

23. The Third Circuit has further evolved motion to dismiss jurisprudence to include two new requirements. The first is that Fed. R. Civ. P. 8 "obliges the plaintiff to make a ' 'showing, rather than a blanket assertion, of entitlement to relief.' ' *Id.* (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)(quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 1965 n.3 (2007)). That is, "a complaint's

allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Phillips*, 515 F.3d at 232)(other citations omitted).

24. The second requirement adopted by the Third Circuit is a 'plausibility' standard. That is, courts are to "look at the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged 'enough facts to state a claim for relief that is plausible on its face." *Id.* (quoting *In re Norvergence, Inc.*, 384 B. R. 315, 352)(other citations omitted).

25. Ultimately, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Jones*, 2011 WL 1549060, *2 (Bankr. S.D.N.Y. 2010).

26. Here, the plaintiff has not pled facts that allow this Court to draw the reasonable inference that Pidgorodetska willfully deceived the Plaintiff and committed larceny, misappropriation of trade secrets, wrongful disclosure of trade secrets, tortious interference with contractual relations, tortious interference with prospective economic advantage, or conversion.

**PLAINTIFF HAS NOT STATED A CLAIM FOR LARCENY UNDER § 523(a)(4)**

27. § 523(a)(4) of the Bankruptcy Code provides that a discharge under Chapter 7 does not discharge an individual debtor from any debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

28. "The definition of larceny is determined under federal common law . . . Larceny under federal common law is the felonious taking another's personal property with intent to convert it or deprive the owner of the same." *In re Marsh* 449 B. R. 431, 437 (Bankr. N.D.Ga. 2011)(citations omitted).

29. Critical in determining whether Pidgorodetska could have committed larceny is to examine whether the property alleged to be taken by a defendant was unlawfully taken. "The larceny exception cannot apply where the debtor's original possession of the [property] was lawful." *Santoro v. Sgroi*, 2010 WL 3825643, *7 (N.D.N.Y. Sept. 24, 2010).

30. Further, a cause of action under § 523(a)(4) for larceny must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). *In re Ippolito*, *6 (Bankr. E.D.N.Y. 2013).

31. In its First Cause of Action, Velox alleges that Pidgorodetska "wrongfully took the Velox Proprietary Information without the consent of Velox." See Complaint, ¶ 48, ECF Doc. No. 1.

32. This allegation, even if taken as true, does not satisfy the heightened pleading standard of Rule 9(b) as it is absent of any identification of what, when and how Pidgorodetska allegedly wrongfully took.

33. Additionally, in its Complaint, Velox concedes that during her employment, Pidgorodetska "had access to Velox Proprietary Information." See Complaint, ¶ 30, ECF Doc. No. 1.

34. An allegation of larceny cannot stand where the *res* which was allegedly wrongfully taken was lawfully in the hands of the defendant. *Santoro*, 2010 WL 3825643, *7.

35. Based on the foregoing, this Court should dismiss Velox's first cause of action under § 523(a)(4) for nondischargeability of a debt which emanates from larceny.

## PLAINTIFF HAS NOT STATED A CLAIM UNDER § 523(a)(6)

36. Pursuant to § 523(a)(6), a debtor cannot discharge a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity."

37. "The word 'willful' . . .modifies the word 'injury,' indicating that non-dischargeability takes a deliberate or intentional act that leads to injury." *In re Picard*, 339 B. R. 542, 553 (Bankr. D.Conn. 2006)(citations omitted).

38. Malicious, under § 523(a)(6), means "wrongful and without just cause or excuse even in the absence of personal hatred, spite or ill-will." *In re Suarez*, 08-15732-DHS, *22 (Bankr. N.J. 2010)(quoting *In re Ali*, 321 B. R. 685, 693 (Bankr. W.D. Pa. 2005).

39. The Court of Appeals for the Third Circuit has adopted an "objective approach" to be analyzed by the following test: "If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in facts desired to produce the result." *In re Conte*, 33 F.3d 303, 308 (3d Cir. 1994)

40. "Debts arising from recklessly or negligently inflicted injuries [thus] do not fall within the compass of section 523 (a)(6)." *In re Suarez*, *21-22 (quoting *Kawaauhau v. Geiger*, 523 U. S. 57, 64 (1998)).

41. In Velox's complaint, there are no factual allegations that Pidgorodetska intended to injure the Plaintiff or its property.

42. Specifically, in its complaint, Velox alleges certain email communications from Pidgorodetska which, it baselessly asserts, "had the effect of giving customers the false impression that Allied was an affiliated or successor company to Velox." See Complaint, ¶ 36, ECF Doc. No. 1.

43. In its Complaint, Velox further baselessly alleges, "[u]pon information and belief, as part of her employment with Allied, Debtor has used, and continues to use, without

authorization, Velox Proprietary Information to mislead, confuse, and solicit customers away from Velox, for the benefit of Allied. See Complaint, ¶ 43, ECF Doc. No. 1.

44. Velox has alleged no facts to support the claim that Pidgorodetska was certain or substantially certain of the injuries that would flow from her email communications, even if such allegations were taken as true.

45. These baseless assertions are devoid of facts to support the claim that Pidgorodetska intended to injure Velox or its property.

46. Here, because the Complaint alleges no facts to support a claim that Pidgorodetska intended to injure the Plaintiff, the Complaint fails to state a claim for relief under § 523(a)(6). Thus, the plaintiff's Second through Sixth Causes of Action should be dismissed.

WHEREFORE, for the reasons set forth herein, Nataliya Pidgorodetska respectfully requests that this Court dismiss the Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
July 16 , 2013

Alla Kachan, Esq.
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235